UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CHAD KISTER | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 01-00807 (RBW) |
| DISTRICT OF COLUMBIA, et al., | ) |
| Defendants | ) |

**MEMORANDUM OPINION**

Currently before the Court is the plaintiff's Bill of Costs [D.E. #44] and the Defendants' Reply to Plaintiff's Bill of Costs.[1] Upon consideration of the parties' submissions, the Court concludes that the plaintiff is entitled to reasonable costs in the amount of $5,196.54.

**I. Background**

The plaintiff, Chad Kister, brought this action based on allegations that he was assaulted and battered by members of the Metropolitan Police Department ("MPD") while he was protesting the activities of the World Bank and the International Monetary Fund in a demonstration on April 16, 2000, at 15th Street and Pennsylvania Avenue in Northwest Washington, D.C. The Parties' Joint Statement For The Court ("Joint Statement") at 1. The plaintiff sought compensatory and punitive damages for violations of his civil rights under 42 U.S.C. § 1983 (2000), conspiracy, assault, battery, negligence, negligent training and supervision, and intentional infliction of emotional distress. See Verified Complaint ("Compl.")

---

[1]The Court requested that the plaintiff not file a reply to the defendants' opposition to its bill of costs. See Order dated April 8, 2002.

at 5-13.  However, the Court subsequently dismissed the three claims for violations of 42 U.S.C. § 1983, the conspiracy, and the negligent training and supervision claim, as well as the punitive damages demand associated with the remaining claims that survived the defendants' motion for partial summary judgment.  See Order Granting Defendants' Motion for Partial Summary Judgment dated April 28, 2004.

Discovery commenced on July 3, 2001, and the plaintiff filed two sets of requests for the production of documents.  Plaintiff's Amended Motion to Compel ("Mot. to Compel") at 3-5.  The plaintiff subsequently filed a motion to compel discovery, claiming that fifteen of the requested documents were improperly withheld by the defendants and requested that this Court both compel the defendants to produce the documents and impose sanctions against the defendants, pursuant to Federal Rule of Civil Procedure 37(a)(4)(C).  Mot. to Compel at 2-14.  Specifically, the plaintiff sought as sanctions an award of the costs and attorney's fees occasioned by the defendants' failure to provide the requested discovery.  Id. at 14.  In response to the plaintiff's February 13, 2002 motion to compel, the defendants responded to twelve of the fifteen requests made by the plaintiff in his first and second requests for the production of documents, albeit in the form of exhibits attached to their opposition.  Plaintiff's Reply to Defendants' Opposition to Plaintiffs Amended Motion to Compel at 1.  Having produced most of the documents at that time, the Court issued an order with respect to the remaining three requests for (1) the photographs of the two platoons of officers, (2) a copy of the police officer training videotape concerning crowd control, and (3) the defendant's Operational Plan.  See Order dated April 8, 2002.  This order required the defendants to produce the photographs of the two platoons of police officers to the plaintiff and to provide the Court with a copy of the police officer

training videotape concerning crowd control for the Court's in camera review.  Id.  The Court also ordered both parties to submit pleadings to this Court regarding their respective legal positions as to why the police officer training videotape and the Operational Plan should or should not be produced to the plaintiff.  Id.

After considering the submissions of both parties, the Court denied the plaintiff's request for the "CDU Formations" videotape with the condition that "the defendants stipulate that the videotape depicts the wedge formation."  See Order dated May 6, 2002.  In addition, the Court ordered the defendants to produce to the plaintiff the material specified by the Court on pages four and five of the MPD's Operational Plan, as well as the material specified by the Court on page 138 of the Operational Plan, provided that the MPD's ERT unit was present or responded to the location of the incident in this case.  Id.  Moreover, the Court ordered the plaintiff to submit a Bill of Costs to the Court and the defendants detailing his costs incurred in filing the motion to compel.  Id.

In the memorandum opinion supporting its order, the Court found "that defendants had a good faith basis for objecting to the production of their videotape and Operational Plan and should not be sanctioned as to the failure to produce those items . . . ."  Memorandum Opinion dated May 6, 2002.  Nevertheless, the Court found "that defendants may be liable to plaintiff, in part, for his costs that were incurred in filing the . . . motion [to compel], which was necessitated by defendants' failure to produce any evidence prior to the filing of plaintiff's motion."  Memorandum Opinion dated May 6, 2002 at 4 n.4.  Accordingly, the plaintiff submitted his Bill of Costs pursuant to the Court's order and in support of its request for the Court to impose sanctions against the defendants pursuant to Federal Rule of Civil Procedure 37(a)(4)(C).

## II. Standard of Review

Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure requires a plaintiff who is requesting attorney's fees and costs to "specify the judgment and the statute, rule, or other grounds entitling the moving party to the award[, as well as] the amount or . . . a fair estimate of the amount [being] sought." Fed. R. Civ. P. 52(d)(2)(B). Here, the plaintiff seeks an award of attorney's fees pursuant to Federal Rule of Civil Procedure 37(a)(4)(C). Mot. to Compel at 14-15. In determining whether to impose sanctions against a party that opposed a motion to compel which is granted in part and denied in part, the language of Rule 37(a)(4)(C) provides, in relevant part, that "the court . . . may, after affording an opportunity to be heard, apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner." Fed. R. Civ. P. 37(a)(4)(C). A party has received an adequate opportunity to be heard within the meaning of Rule 37(a)(4)(A) if "the respondent provides explanation for its actions or inactions" after the movant specifically requests an award of costs and expenses incurred in filing a motion to compel.[2] Alexander v. FBI, 186 F.R.D. 78, 98 (D.D.C. 1998) ("Alexander I"). Here, the Court has afforded the defendants an opportunity to be heard through written memoranda.

Courts have interpreted Rule 37(a) in a manner that permits denial of the apportionment of "expenses if it makes a finding of <u>substantial justification</u> as to any party's position or if 'other circumstances make an award of expenses unjust.'" Lohrenz v. Donnelly, 187 F.R.D. 1, 10 (D.D.C. 1999) (quoting Fed. R. Civ. P. 37(a)(4)(A)-(B)) (emphasis added); see also Alexander v. FBI, 186 F.R. D. 200, 207 (D.D.C. 1999) ("Alexander II"). "[A] party only meets the

---

[2]The "opportunity to be heard" requirement can also be satisfied by entertaining arguments on a written submission. Alexander v. FBI, 186 F.R.D. 144, 147 n.1 (D.D.C. 1999). See also advisory committee note to Fed. R. Civ. P. 37; 8A Charles Alan Wright & Arthur et al., Federal Practice and Procedure § 2288 (1994).

'substantially justified' standard when there is a 'genuine dispute' or if 'reasonable people could differ' as to the appropriateness of the motion." Alexander v F.B.I, 186 F.R.D 144, 147 (D.C. Cir. 1999) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)); see Cobell v. Norton, 213 F.R.D. 1, 14 (D.D.C. 2003);  see also 8A Charles Alan Wright et al., Federal Practice and Procedure § 2288 (1994) ("Making a motion, or opposing a motion, is 'substantially justified' if the motion raised an issue about which reasonable people could genuinely differ on whether a party was bound to comply with a discovery rule.")  However, it is well-established that "[u]nder Rule 37, the district court has broad discretion to impose sanctions for discovery violations[,]" and to determine what sanctions to impose.  Bonds v. District of Columbia, 93 F.3d 801, 807 (D.C. Cir. 1996) (citations omitted).  See also Sturgis v. Am. Ass'n of Retired Persons, 1993 WL 518447 (D.C. Cir. 1993); Steffan v. Cheney, 920 F.2d 74, 75 (D.C. Cir. 1990).  Accordingly, when assessing the reasonableness of the sanction imposed, a district court should consider that the purpose underlying Rule 37(a)(4)(C) is "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976); Alexander I, 186 F.R.D. at 98.

     When requesting attorney's fees, the moving party bears the burden of proving that the request is reasonable.  Stein v. Foamex Int'l, Inc., 204 F.R.D. 270, 271 (E.D. Pa. 2001) (citing Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990)).  However, if the party opposing the fee request objects with specificity, the Court "has a great deal of discretion to adjust the fee award in light of those objections." Rode, 892 F.2d at 1183 (citation omitted); see also Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) ("It remains for the district court to determine what fee is

'reasonable.'") The Supreme Court has determined the reasonableness of a fee by analyzing "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate[,]" as this calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. Id.; Laffey v. Northwest Airlines, Inc. ("Laffey II"), 746 F.2d 4, 12-13 (D.C. Cir. 1984); Laffey v. Northwest Airlines, Inc. ("Laffey I"), 572 F. Supp. 354, 361 (D.D.C. 1983) (aff'd in part, rev'd on other grounds). It was a former member of this Court who developed the standard for assessing reasonableness in Laffey I through the adoption of recoverable hourly rates, which was affirmed by the District of Columbia Circuit in Laffey II. See Laffey I, 572 F. Supp. at 371-75; Bill of Costs at 2, Exhibit ("Ex.") 3 (the "Laffey Matrix"). These hourly rates, illustrated in matrix form and commonly referred to as the "Laffey Matrix," are adjusted annually based on costs of living increases for the Washington, D.C. area. See Ex. 3 at 2. The matrix is intended to be used in cases in which a "'fee-shifting' statute [or rule] permits the prevailing party to recover 'reasonable' attorney's fees." Id. Therefore, it reflects what are "'reasonable fees' . . . calculated according to the prevailing market rates in the relevant community, not according to the cost of providing legal services . . . ." Blum v. Stenson, 465 U.S. 886, 886 (1984). Using this matrix as a guide, the Court must then exercise its discretion to adjust this sum upward or downward to arrive at a final fee award that reflects "the characteristics of the particular case (and counsel) for which the award is sought." Laffey I, 572 F. Supp. at 361 (citing Copeland v. Marshall, 641 F.2d 880, 880 (D.C. Cir. 1980)); Nat'l Ass'n of Concerned Veterans v. Sec'y of Def., 675 F.2d 1319 (D.C. Cir. 1982). Furthermore, the Court should also assess the reasonableness of the attorney's fee award in light of the twelve factors set forth in

Johnson v. Ga. Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974).[3]  Hensley, 461 U.S. at 430.

Additionally, this Court must determine whether the number of hours expended on the litigation is reasonable.  Id.  It does not necessarily follow that "the amount of time *actually* expended is the amount of time *reasonably* expended."  Copeland, 641 F.2d at 891 (emphasis added).  A party is only entitled to compensation for the work that is "'useful and of a type ordinarily necessary' to secure the final result obtained from the litigation."  Pennsylvania v. Del. Valley Citizens' Council for Clean Air, 478 U.S. 546, 561 (1986) (citing Webb v. Bd. of Educ. of Dyer Country, Tenn., 471 U.S. 234, 235 (1985).  Therefore, an attorney must use "billing judgment" when litigating cases, which requires that the attorney only bill hours to one's adversary that would properly be billed to the attorney's own client.  Hensley, 461 U.S. at 434; Copeland, 641 F.2d at 891; Laffey I, 572 F. Supp. at 361.  Accordingly, "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary . . . ."  Hensley, 461 U.S. at 434.

### III. Legal Analysis

The plaintiff complains that the defendants were deliberately "lax" in providing discovery, resulting in discovery being extended well beyond the original closing date of February 28, 2002.  Bill of Costs at 1.  Consequently, the plaintiff contends that he was "prejudiced . . . [because] he was forced to take depositions of witnesses without having the requested documentary evidence beforehand."  Id.  Pursuant to Federal Rule of Civil Procedure

---

[3] The twelve factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  Johnson, 488 F.2d at 717-719.

37(a)(4)(C), the plaintiff seeks to recover as a sanction fees and costs in the amount of $9,299.54 from the defendants for 48.6 hours in labor amassed due to the defendants' improper withholding of discoverable material. Id. at 2.

  A. **Is the Plaintiff Entitled to Attorney's Fees?**

  The plaintiff requests that this Court award him the costs incurred in advancing his motion to compel discovery in accordance with the Laffey matrix. Plaintiff's Bill of Costs ("Bill of Costs") at 1-3. On the other hand, the defendants contend that the plaintiff is not entitled to use the Laffey matrix to determine his counsel's hourly rate because "he is not a prevailing party as contemplated by 42 U.S.C. § 1988 . . ." Defendants' Reply to Plaintiff's Bill of Costs ("Defs.' Reply) at 1. Specifically, the defendants maintain that under the rule advanced in Hanrahan v. Hampton, 446 U.S. 754, 757, 759 (1980), "achieving success on procedural or evidentiary rulings, is not sufficient to qualify plaintiff as a prevailing party" if the "procedural victor [does not] implicate the merits of [the] case." Defs.' Reply at 2. However, the defendants incorrectly invoke the "prevailing party" requirement of 42 U.S.C. § 1988(b) (2000) because the case at hand was not brought under any civil rights laws as contemplated by § 1988(b). The final sentence of § 1988(b), as amended, provides as follows: "In any action or proceeding to enforce a provision of section 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . . ." 42 U.S.C. § 1988 (1996). As the Court noted earlier, the Court dismissed the plaintiff's initial claim for violations of his civil rights under 42 U.S.C. § 1983, see Order Granting Defendants' Motion for Partial Summary Judgment dated April 28, 2004, and none of the remaining claims are grounded on civil rights legislation. Furthermore, the Supreme Court in Roadway Express,

Inc. v. Piper, 447 U.S. 752, 756, 763 (1980), rejected "the claim that § 1988 . . . may supplant the framework established by [28 U.S.C. § 1927]," which "permits a court to tax the excess 'costs' of a proceeding against a lawyer 'who so multiplies the proceedings . . . as to increase costs unreasonably and vexatiously . . .'"  447 U.S. at 756.  The Court reasoned that because "§ 1988 . . . makes [no] mention of attorney liability for costs and fees . . . [and w]ithout any evidence that Congress wished to alter the uniform structure established by the 1853 Act, we are reluctant to disrupt it."  Roadway Express, Inc. 447 U.S. at 761 (rejecting sanction awarded under § 1988 and remanding case to district court for assessment of fees and costs that might be recoverable under Rule 37).  Like the Roadway Express, Inc. Court, this Court finds that the propriety for awarding sanctions for discovery violations is not controlled by § 1988, but rather Federal Rule of Civil Procedure 37(a)(4)(A).

> **B.     Are the Attorney's Fees Requested by the Plaintiff Reasonable?**

In the District of Columbia, reasonable hourly rates are determined by the schedule or attorney's fee rates structure approved by the Court in Laffey I.[4]  Laffey I, 572 F. Supp. at 361; Civil Division of the United States Attorney's Office for the District of Columbia, Laffey Matrix 2003-2005, at http://www.usdoj.gov/usao/dc/Divisions/Civil_Division/Laffey_Matrix_4.html ("Laffey Matrix 2003-2005).  Here, the plaintiffs request fees for two attorneys at the following hourly rates: James Klimaski, an attorney with over 25 years experience, billed his time at the rate of $360 per hour, Bill of Costs at 2, and Jamie Davis, an attorney with a little more than a year of experience, billed her time at the rate of $170 per hour.  Id.  Each of these rates is at the

---

[4]Similarly, the Eleventh Circuit employs "the prevailing market rate in the relevant legal community . . . " to determine the reasonable hourly rate.  Gray v. Lockheed Aeronautical Sys. Co., 125 F.3d 1387, 1389 (11th Cir. 1997) (quoting Norman v. Hous. Auth. Of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988)).

permitted reasonable rates provided in the Laffey Matrix.  <u>Laffey Matrix 2003-2005</u>.  However, the defendants ask the Court to "make a downward adjustment to [the] plaintiff's bill of costs by modifying the hourly rate and not using the rates [as] set [forth] in the <u>Laffey</u> matrix."  Def.'s Reply at 3.  Without a valid rationale advanced by the defendants justifying why this Court should depart from the standard of reasonableness developed in <u>Laffey</u>, the Court finds that the hourly rates proposed by the plaintiff are reasonable.

### C. Are the Number of Hours Expended on the Discovery Dispute Reasonable?

In addition to their request to modify the plaintiff's hourly rate, the defendants also request that this Court reduce the number of hours sought by the plaintiff for four independent reasons.  Def.'s Reply at 3.  The Court will address each of these challenges separately below.

"[O]nce the reasonableness of the hours claimed becomes an issue, the applicant should voluntarily make his time charges available for inspection by the District Court or opposing counsel on request."  <u>Concerned Veterans</u>, 675 F.2d at 1327.  Here, the plaintiff has provided the Court with a Fee Statement, detailing the hours expended in preparing his motion to compel. Bill of Costs., Ex. 2.  Nonetheless,

> [f]ees are not recoverable for nonproductive time nor . . . for time expended on issues on which [a] plaintiff did not ultimately prevail.  The fee application should therefore indicate whether nonproductive time or time expended on unsuccessful claims was excluded and, if time was excluded, the nature of the work and the number of hours involved should be stated.

<u>Concerned Veterans</u>, 675 F.2d at 1327-1328.  In the present case, the plaintiff used its "billing judgment" to adjust the total amount of fees billed for time spent working on the motion to compel downward by fifteen percent.  Bill of Costs at 2.  Therefore, when considering whether

each of the defendants' objections to the plaintiff's requested hours are valid, this Court will consider the reasonableness of the hours expended in light of this adjustment.

### 1. The Motion to Compel

First, the defendants question "the reasonableness of taking over 13 hours to draft and review a motion to compel that did not present any novel or complex legal issues, and which had little, if any research, analysis or citation to any legal authority other than Fed. R. Civ. P. 37." Def.'s Reply at 3. Arguing that the plaintiff's motion to compel was in large part a "recitation of previously drafted questions, defendants' responses and a brief assertion as to how those responses[,] or lack thereof, were inadequate," the defendants request this Court to reduce the number of hours the plaintiff seeks. Id. at 3-4.

The Court finds the defendants' assessment of the plaintiff's motion to compel unpersuasive. While it is true that the plaintiff was required to recite its previously drafted document requests and the defendants' responses to those requests pursuant to Local Rule 26.2(d)[5], the plaintiff still had to research the cases cited by the defendants in their responses and then reply with further legal analysis to convey why the plaintiff was entitled to production of the documents notwithstanding the defendants' objections. The "crucial factor" in determining the proper amount of an award of attorney's fees under 42 U.S.C. § 1988 is the "extent of a plaintiff's success." Hensley, 461 U.S. at 440. Here, the Court finds that because the plaintiff prevailed on the vast majority of discovery requests made in the motion to compel and because

---

[5] Local Rule 26.2(d) provides that "[a]nswers, responses and objections to interrogatories and requests for admissions or for production of documents and motions to compel answers or responses, shall identify and quote each interrogatory or request in full immediately preceding the answer, response or objection thereto." LCvR 26.2(d).

there was considerable new legal analysis demonstrated in the motion, the hours expended in drafting the motion were reasonable.

Furthermore, the defendants reason that some portion of the time devoted to the plaintiff's motion to compel relate to his efforts to obtain the training videotape and Operational Plan should be deducted from the compensable time requested by the plaintiff. Def.'s Reply at 4. While it is obviously true that the plaintiff's counsel invested some time seeking the production of these items in his motion to compel, the Court finds the position taken in Laffey, which permitted the award of attorney's fees for all expenses related to a motion which raised "some so-called lost issues," provided that those "issue[s were] all part and parcel of one matter . . . '" Laffey I, 572 F. Supp. at 362 (citing Copeland, 641 F.2d at 892 n.18) (quoting Lamphere v. Brown Univ., 610 F.2d 46, 47 (1st Cir. 1979)), persuasive here. Although the Court designated these requests for further briefing in its Order dated April 8, 2002, there is no rational way for the Court to apportion the time expended or the fees generated solely concerning these two issues in its original motion to compel. Thus, the Court finds these issues are "all part and parcel of" the entire motion to compel and declines to reduce the plaintiff's fees as the defendants request. Furthermore, the Court recognizes that plaintiff's counsel already has in good faith adjusted their requested fees downward by fifteen percent, resulting in a deduction of $1,632.60 from the total amount of fees the plaintiff could have requested. Bill of Costs at 2. Consequently, the Court believes that the plaintiff has been more than reasonable in its efforts to reflect a fee which accurately represents the time spent on the issues on which he prevailed and will accordingly award the plaintiff his requested fee.

### 2.   The Amended Motion to Compel

Second, the defendants opine that they "should not be responsible for any costs" related to the filing of the plaintiff's amended motion to compel which had to be prepared so the motion would "conform to the rules of civil procedure by adding the questions and responses germane to his motion."[6] Def.'s Reply at 4.  An analogous issue was raised in Falica v. Advanced Tenant Services, Inc., ____ F. Supp. 2d 2005 ____, 2005 WL 1705153, at *4 (D.D.C. July 8, 2005), when a plaintiff requested attorney's fees for its amended complaint, which was filed "strictly . . . [because of] [the p]laintiffs' failure] to inform their counsel about certain elements of their case until they were substantially beyond the time for filing an amended complaint . . . . "  In Falica, this Court held that "amending the complaint would have been unnecessary had a better pleaded complaint been initially filed" and declined to award the plaintiffs fees which were "required solely because of the plaintiffs' inattention to detail that should have been incorporated into the complaint when it was first prepared."  Id.  In the present case, the Court similarly finds that it would be unreasonable to require the defendants to pay for the expenses related to the filing of the plaintiff's amended motion to compel, which was occasioned by his attorney's disregard of the local rules when the original motion was prepared.  Therefore, the Court agrees with the defendants' position that the time spent preparing the Amended Motion to Compel should be omitted from the compensable total.  Accordingly, pursuant to the Fee Statement provided by the

---

[6]The Court did not find any Federal Rule of Civil Procedure requiring a party to include the answers, responses, and objections to requests for production of documents in a motion to compel.  Rather, the Court recognizes that such content is required pursuant to Local Rule 26.2(d).

plaintiff, the Court will subtract 1.4 hours from the total compensable amount.[7]  Bill of Costs, Ex. 2 (Fee Statement).

### 3. Matters Addressed in the Subsequent Briefing for Production of the Operational Plan and Police Officer Training Videotape

Third, the defendants argue, with respect to the Plaintiff's Memorandum in Response to the Court's Order of April 8, 2002, that "it would be unfair to require defendants to pay for costs incurred on issues upon which [the] plaintiff did not prevail." Def.'s Reply at 4.  Because this Court denied the plaintiff's request to compel the production of the police officer training videotape and granted his request to compel production of the Operational Plan only with respect to certain redacted portions of the Operational Plan, the defendants ask this Court to "deduct all costs for plaintiff's subsequent memorandum supporting his unsuccessful argument that production of the videotape and the Operational Manual was relevant to the case." Id.

A somewhat analogous situation arose in Laffey I, where the defendants sought to deny the plaintiffs compensation for time spent on unsuccessful motions that had no impact on the final outcome of the case.  Laffey I, 572 F. Supp. at 362.  The Laffey I Court held that "virtually all of the hours devoted to the so-called 'lost issues' are fully compensable[,]" id., because "the matters [the] [d]efendant identifi[ed] as 'lost issues' [were] not 'distinct in all respects from [the plaintiffs'] successful claims.'" Id. at 363 (quoting Hensley, 461 U.S. at 440).  Further, the Laffey I Court relied upon an earlier ruling by the District of Columbia Circuit, where the court

---

[7]The Court arrived at this amount of deductible time by reviewing the plaintiff's Fee Statement, identifying the entries in which the plaintiff indicated that time was spent working on the amended motion, and deducting those hours from the total compensable amount.  Accordingly, the Court subtracted the following hours from the Fee Statement: 1.20 hours expended by Jamie Davis on January 31, 2002 and 0.20 hours expended by James Klimaski on February 1, 2002. The total amount request for those hours is $276.00.

held that the award of attorney's fees in such situations is appropriate <u>only</u> when "the 'issue was all part and parcel of one matter,'" and <u>not</u> "when the claims asserted 'are truly fractionable.'" <u>Laffey I</u>, 572 F. Supp. at 362 (citing Copeland, 641 F.2d at 892 n.18) (quoting <u>Lamphere v. Brown Univ.</u>, 610 F.2d 46, 47 (1st Cir. 1979)).  Here, the plaintiff's requests to compel production of the police officer training videotape and Operational Plan were indeed "truly fractionable" from the other aspects of the requests in the original motion to compel, as evidenced by the fact that the Court designated these two requests for further briefing by the parties in order to clarify their relevance to the case.  <u>See</u> Order dated April 8, 2002.  Furthermore, the Court found that the "defendants had a good faith basis for objecting to the production of their videotape and Operational Plan and should not be sanctioned as to the failure to produce those items . . . ." Memorandum Opinion dated May 6, 2002, at 4.  Therefore, the Court finds that the defendants should not be required to pay the plaintiff for the time devoted to briefing his legal position, prepared pursuant to the Court's April 8, 2002 Order, concerning why the object of these two requests should be produced.  Accordingly, the Court will omit $3,827 from the plaintiff's requested fee award.[8]  Bill of Costs, Ex. 2 (Fee Statement).

---

[8] The Court arrived at this amount of deductible fees for the time expended on the plaintiff's further briefing of the police videotape and the Operation Plan by reviewing the plaintiff's Fee Statement, identifying the entries in which the plaintiff indicated that time was spent working on its reply memorandum, and calculating the fees associated with the time expended on such briefing.  In total, the Court found that plaintiff's counsel expended 11.7 hours, rather than 11.3 hours as suggested by the defendants, in its reply memorandum.  <u>See</u> Bill of Costs, Ex. 2 (Fee Statement).  This time includes 2.10 hours expended by Jamie Davis on April 17, 2002, and the following time expended by James Klimaski: 0.30 hours on April 8, 2002, 1.30 hours on April 12, 2002, 1.50 hours on April 15, 2002, 3.0 hours on April 16, 2002, and 3.50 hours on April 22, 2002.  <u>Id.</u>  Using the hourly rates approved in <u>Laffey I</u> and the rates approved by this Court earlier in this opinion, the amount of attorney's fees reduced for services related to the preparation of the plaintiff's Memorandum in Response to the Court's Order of April 8, 2002, is $3,813.  Furthermore, the Court identified $14.00 in expenses associated with this discovery memorandum, which must also be omitted because they were expenses incurred for the travel, filing, and serving of the aforementioned memorandum.  <u>Id.</u>  Accordingly, the Court will reduce the plaintiff's compensable total for fees and expenses by $3,827.

### 4. The Defendant's Time Expended on its Memorandum in Response to the April 8, 2002 Order

Finally, the defendants opine that they "should receive . . . substantial credit for the time they spent preparing their memorandum in response to this Court's Order of April 8, 2002 since they in large measure prevailed on the issues addressed therein." Def.'s Reply at 4. However, the defendants admit that they failed to create a record of the time spent preparing their memorandum and merely estimate that "it was at least equal to the amount [the] plaintiff claims for preparing his memorandum (11 hours and 18 minutes)." Id. at 4-5. This explanation is too nebulous to compute and accordingly a reasonable estimate cannot be derived from it. As previously discussed, Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure requires a party who is requesting attorney's fees and costs not only to "specify the judgment and the statute, rule, or other grounds entitling the moving party to the award[, but also] the amount or . . . a fair estimate of the amount [being] sought." Fed. R. Civ. P. 52(d)(2)(B). Having failed to identify the authority upon which they rely, nor provide any basis upon which a "fair estimate" of the amount being sought as a credit can be assessed, the Court declines to further reduce the fees requested by the plaintiff. Again, the Court has considered the plaintiff's good faith effort to adjust his requested fees downward by fifteen percent, resulting in a deduction of $1,632.60 from the total amount of fees that the plaintiff could have requested. Bill of Costs at 2.

### III. Conclusion

Based on the foregoing analysis, this Court will grant the plaintiffs' request for attorney's fees as modified by this opinion for a total award of $5,196.54.

**SO ORDERED** this 15th day of August, 2005.

                                              REGGIE B. WALTON
                                              United States District Judge